**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

**v.**                                                                **Case No: 5:24-cv-473-JSM-PRL**

**FRANK ROMERO, and PATRICIA**
**MARTINEZ,**

    **Defendants.**

_____

### ORDER

On January 27, 2025, Defendants filed their response to the Federal Trade Commission's ("FTC") Amended Complaint. (Doc. 20). While the response appears to be an answer as it denies and admits allegations in the Amended Complaint, it also requests dismissal of some allegations. Accordingly, the FTC filed the instant motion seeking clarity. (Doc. 21). Specifically, it asks the Court to construe Defendant's response (Doc. 20) as an answer to the FTC's Amended Complaint and to strike Doc. 20 to the extent it moves to dismiss portions of the Amended Complaint; or alternatively, if the Court construes any portion of Doc. 20 as a motion to dismiss, to grant the FTC 14 days to file its opposition. Defendants have not filed a response to the motion, and their time to do so has expired. Accordingly, the Court will treat the FTC's motion as unopposed.

Upon review, the Court finds that Defendants' response (Doc. 20) is an Answer because it proceeds allegation by allegation, providing "responses" to each allegation with Defendants either denying or acknowledging it. This is consistent with Rule 8(b)(1)(B)'s

requirement that, "[i]n responding to a pleading a party must . . . admit or deny the allegations asserted against it by an opposing party."

However, Defendants' Answer also includes a heading entitled "Request for Dismissal with Prejudice" as to Allegation 1 (Doc. 20 at 3), and summary requests for dismissal of Allegations 41, 42, and 68, as baseless and unfounded. (Doc. 20 at 13, 14, 19). To the extent Defendants are moving to dismiss these allegations pursuant to Rule 12(b), such motion is improperly combined with their Answer. *See e.g., IPU Central, Inc. v. Admiral Property Restoration Inc.*, No. 5:20-cv-265-MW/MJF, 2020 WL 12189178, at *2-3 (N.D. Fla. Nov. 10, 2020) (explaining that "[c]ombining a pleading with a motion is a practice that should be avoided because it may result in a court or party overlooking a motion buried in a pleading," and noting that pleadings and motions "generally serve different purposes and often entail different technical requirements.").

Accordingly, and in the absence of any objection by Defendants, the FTC's motion (Doc. 20) is granted. The Court construes Doc. 20 as Defendants' Answer; and to the extent Defendants are moving to dismiss any allegations in the Amended Complaint, such motion is due to be stricken.

**DONE** and **ORDERED** in Ocala, Florida on March 11, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties